**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GABRIEL J. VABOI, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:26-CV-01102 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of movant Gabriel Vaboi's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. Because it appears the motion is time-barred, the Court will order movant to show cause why it should not be dismissed.

### Background

Movant Gabriel Vaboi was sentenced to a total term of 120 months of imprisonment on June 18, 2024, after pleading guilty to two counts of knowingly and intentionally possessing with an intention to distribute to another person, a mixture or substance containing a detectable amount of fentanyl, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), one count of knowingly and intentionally possessing with an intention to distribute to another person, a mixture or substance containing a detectable amount of cocaine base, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and two counts of being a felon in possession of a firearm, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(8). *United States v. Vaboi*, No. 4:22-CR-00471 HEA (E.D.Mo. 2024). Movant did not appeal his conviction or sentence.

On July 13, 2026, the Court received a letter submitted by movant, that appears to have been sent from Devens Federal Medical Center in Ayer, Massachusetts. The Court interpreted movant's letter as a motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C.

§ 2255. *See United States v. Vaboi*, No. 4:22-CR-00471 HEA (E.D.Mo. 2024); ECF No. 86. Movant's motion is dated June 5, 2026. The motion to vacate was mistakenly sent to the United States District Court for the District of Columbia, where it was received on June 22, 2026. *Id.*

### Legal Standard

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that a district court must dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.  Under 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant.  *Id.*

### Discussion

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. Where, as here, movant did not file an appeal of his conviction, the judgment of conviction becomes final when the time for filing a direct appeal

2

expires. *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). In this case, the judgment entered on June 18, 2024, became final 14 days later on July 2, 2024. Fed. R. App. P. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on July 2, 2025. The instant motion was signed by movant on June 5, 2026. *See United States v. Vaboi,* No. 4:22-CR-00471 HEA (E.D.Mo. 2024); ECF No. 86. Therefore, it appears to be time-barred.

The Court will direct movant to show cause, in writing and no later than 30 days from the date of this Order, why his motion to vacate should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than 30 days from the date of this Order, why his § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to timely comply with this order, his § 2255 motion will be denied and dismissed without further notice.

Dated this  15th day of July, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE